NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIEL ECKARD, AKA Gabriel Allen Eckard,<br><br>          Plaintiff-Appellant,<br><br> v.<br><br>ASEN DESHEV, Mental Health Custody Unit Supervisor, Monroe Correctional Complex; et al.,<br><br>          Defendants-Appellees. | No. 19-35522<br><br>D.C. No. 2:19-cv-00580-RSM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted June 2, 2020[**]

Before:     LEAVY, PAEZ, and BENNETT, Circuit Judges.

Washington state prisoner Gabriel Eckard appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 alleging First Amendment violations arising out of denial of certain property and prison privileges. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Eckard's action for failure to exhaust administrative remedies because Eckard was required to exhaust administrative remedies, but alleges in the complaint that he did not.  *See Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (where a failure to exhaust is clear from the face of the complaint, a district court may dismiss for failure to state a claim); *see also Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009) (under the Prison Litigation Reform Act, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law;" that definition is "plain and unambiguous" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**